# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LATON STUBBLEFIELD, | ) |
| | ) |
|         **Plaintiff,** | ) |
| v. | )    No.: 17-cv-1302-MMM |
| T. LINDSEY, *et al.*, | ) |
| | ) |
|         **Defendants.** | ) |

## MERIT REVIEW ORDER

      Plaintiff, currently at the Dixon Correctional Center, files this action under 42 U.S.C. § 1983 alleging various constitutional injuries while housed at Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

      Plaintiff alleges that on February 23, 2017, he requested to be seen by a Pontiac mental health crisis team member. Defendants Klus and Newhall escorted him from his cell but were told by Defendant Lt. Lindsay to take Plaintiff back to his cell as it was too close to shift change. Defendants Klus and Newhall returned Plaintiff to his cell though he threatened to harm himself.

1

Plaintiff claims that he thereafter wrapped tissues around his hand and set his hand on fire, sustaining a burn injury.

Officers, not otherwise identified, responded to the incident and used pepper spray to subdue Plaintiff. Defendant Klus took Plaintiff to be seen by Nurse Powell so that his eyes could be flushed of the pepper spray. Plaintiff objected that he did not want his eyes flushed, but rather, wanted treatment to his hand. Defendant Powell did not provide the requested treatment though Plaintiff's hand was treated later that day by Nurse Becky, not a Defendant.

Plaintiff alleges that he sustained third degree burns to his right hand. He was seen the following day by Defendant Ojelade, a Physician's Assistant ("PA"). Plaintiff does not reveal the care provided by Defendant Ojelade and asserts he was deliberately indifferent without providing any detail. Plaintiff also complains that he was not seen by a physician until February 26, 2017, three days after the injury.

Plaintiff asserts that Defendants Lindsay, Klus and Newhall failed to protect him when they returned him to his cell despite his claim that he would injure himself. He claims that Defendant Powell was deliberately indifferent for not offering any treatment for his right hand. He makes the conclusory claim that Defendant Ojelade was deliberately indifferent, without elaborating in what way he exhibited deliberate indifference. This is not enough to place Defendant Ojelade on notice of the potential claim against him.

Plaintiff's only claim against Dr. Tilden is that Defendant did not send him to a "skin professional." Plaintiff does not discuss the treatment he received from Dr. Tilden or establish that he should have been seen by a skin specialist. This is insufficient to allege deliberate indifference against this Defendant.

Plaintiff alleges that Counselor Amy Wykes was "unprofessional" in her response to his grievances. This, however, will not support a § 1983 claim as, while there is a constitutional right to grieve there is no constitutional right to an effective grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). Defendant Wykes is DISMISSED.

Plaintiff also alleges neglect, discrimination and medical malpractice. Plaintiff cannot state a § 1983 claim based on negligence and this is dismissed. While he may make a state law claim of professional negligence or medical malpractice, Illinois law requires that he file a written report by a health professional, known as a "certificate of merit," attesting that there is a "reasonable and meritorious cause for the filing." 735 ILCS 5/2-622(a). *See Hahn v. Walsh*, 762 F.3d 617, 628-33 (7th Cir. 2014) (Rule 2-622 requirement applies to state law claim filed in federal court). As Plaintiff has not included a certificate of merit with his complaint, the medical negligence claim is DISMISSED, with leave to replead. Plaintiff will be given 90 days in which to amend his complaint to reassert his medical negligence claim and file a certificate of merit, should he wish.

Plaintiff makes only a conclusory statement of discrimination, without any supporting facts. He does not reveal his race or that of the Defendants and does not claim that any Defendants' actions were racially motivated. As a result, Plaintiff's discrimination is DISMISSED. *See Nunez v. Gerber*, No.: 08- 011, 2008 WL 5220857, at *3 (N.D. Ind. Dec. 11, 2008).

**IT IS THEREFORE ORDERED:**

1. This case shall proceed on the claims that Defendants Lindsay, Klus and Newhall failed to protect Plaintiff when they returned him to his cell despite his claim that he would injure himself; and that Defendant Powell was deliberately indifferent to his serious medical

needs.  Defendants Ojelade, Tilden and Wykes are DISMISSED though Plaintiff will be given 30 days in which to replead the claims against them, should he wish.

2. Plaintiff's discrimination and negligence claims are DISMISSED.  Plaintiff's medical malpractice claim is DISMISSED though he will have 90 days in which to amend his complaint to replead his medical negligence claim and attach a Rule 6-22 Certificate of Merit.

3. Plaintiff has filed a motion for recruitment of pro bono counsel [4], providing a single response to his request for representation.  The response, however, predates the filing of the complaint by six months and is insufficient to support that plaintiff has made reasonable attempts to secure counsel on his own.  *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). [4] is DENIED.  Plaintiff's [7], request that officials at Pontiac take photographs of his injured right hand is GRANTED.  Counsel for Defendants is requested to facilitate the taking of photographs within 21 days of Defendants filing a response to the complaint.  Plaintiff's motion for status [10] is rendered MOOT.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT

DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: 12/19/2017

                                                                     s/Michael M. Mihm
                                                              MICHAEL M. MIHM
                                           UNITED STATES DISTRICT JUDGE